IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARAYA MARSHALL, | ) | |
| | ) | CIVIL ACTION NO. 3:22-cv-227 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| GEO RIVERS CORRECTIONAL INSTITUTE, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This matter is before Magistrate Judge Keith A. Pesto ("Judge Pesto") for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

Pending before the Court is pro se Plaintiff Daraya Marshall's ("Mr. Marshall") "Objection to Magistrate Judge's Order to Vacate Default Seeking Reconsideration by District Court Judge[.]" (ECF No. 16). For the reasons that follow, the Court will **DENY** Mr. Marshall's objections at ECF No. 16.

In December 2022, Mr. Marshall filed a Motion to Proceed In Forma Pauperis ("IFP"), (ECF No. 1), which Judge Pesto subsequently granted, (ECF No. 3). Mr. Marshall then filed his Complaint, alleging violations of his First, Fifth, Eighth, and Fourteenth Amendment rights and naming Geo Rivers Correctional Institution, various of its staff members, and other prison officials as Defendants. (ECF No. 4).

In granting Mr. Marshall's IFP Motion, Judge Pesto explained that

> [b]efore service is ordered, if [Mr. Marshall] has not already done so he shall send the Clerk forms for service and a copy of the complaint for each defendant. The Clerk shall if necessary send blank service forms for [Mr. Marshall] to complete.

-1-

> After screening of the complaint pursuant to the Prison Litigation Reform Act I will order the Marshal to serve the complaint on defendants at the direction of [Mr. Marshall] (*the Marshal shall send waiver of service forms first*).

(ECF No. 3) (emphasis added).

A docket entry dated June 13, 2023, explained that the following documents were mailed to Defendants: (1) a "Notice of Lawsuit and Request to Waive Service of a Summons," (2) a "Waiver of the Service of a Summons," (3) a copy of Mr. Marshall's Complaint, and (4) a copy of Judge Pesto's Order granting Mr. Marshall's IFP Motion. (ECF No. 10).[1] The documents contained in the June 13, 2023, docket entry, each entitled "Process Receipt and Return[,]" indicate that the "Type of Process" sent to each Defendant was "Waiver[.]" (*Id.* at 2–24).

Mr. Marshall filed a "Request for Entry of Default" on August 24, 2023. (ECF No. 12). There, he alleged that "[a]ll parties were served the Complaint on or about June 12, 2023, by the U.S. Marshals Service[.]" (*Id.* at 1). According to Mr. Marshall, it was "reasonable" for him "to believe that service by the U.S. Marshals was proper and in accordance with [Federal Rule of Civil Procedure 4.]" (*Id.*). Mr. Marshall attached what he described as "[p]roof of service" as an exhibit to his request. (*Id.*). That exhibit contains a June 12, 2023, letter to Mr. Marshall from the U.S. Marshals Service, stating that Mr. Marshall's "service had been completed" and requesting payment therefore. (ECF No. 12-2 at 1).

---

[1] As the docket entry reflects, however, the documents sent to two Defendants—Mr. Joyner and Acting Warden S. Bartlett—were returned as undeliverable. (ECF No. 10-1). As to Mr. Marshall's argument that "the Government should be ordered to provide the last known address of Shawn Bartlett[,]" (ECF No. 16 at 4), the Court notes that the Process Receipt and Return pertaining to Defendant Bartlett states that "if the process cannot be forwarded through agent/counsel … then Marshal Service shall request that agent/counsel provide Defendant[']s last known personal address, phone number, and/or any other information (e.g. current workplace) to facilitate service." (ECF No. 10-1 at 3).

Mr. Marshall further argued that the "parties have all failed to plead or otherwise respond to the Complaint, and are now in default per [Federal Rule of Civil Procedure] 5[5](a)[.]" (ECF No. 12 at 2). According to Mr. Marshall, because "[t]he applicable time limit for responding has expired, and [he] has not received a Notice of Waiver of Non-Response from the Defendants nor from the Court[,]" entry of default in his favor was warranted. (*Id.*).

The Clerk granted Mr. Marshall's request and entered default on August 25, 2023. (ECF No. 13). Just over two weeks later, several Defendants filed a Motion to Vacate Entry of Default, arguing that they "have not been properly served." (ECF No. 14 at 2). By Defendants' telling, "[t]here is no indication on the docket that [they] waived service, as neither Plaintiff nor the Marshal filed executed waiver forms for any of the" moving Defendants. (*Id.* at 2).

Defendants further argued that by including the "Notice of Lawsuit and Request for Waiver of Service" and "Waiver of Service of Summons" forms in the mailing packets, under the Federal Rules of Civil Procedure, service could only be fulfilled via these mailings if they had actually waived service. (*Id.* at 3) (citing *Gonzalez v. Thomas Builty Buses, Inc.*, 268 F.R.D. 521, 525 (M.D. Pa. 2010)). Because Defendants alleged they were never properly served, they argued that the Clerk's entry of default was void and should be vacated under Federal Rule of Civil Procedure 55(c). (*Id.*).

Judge Pesto granted Defendants' Motion and vacated the Clerk's entry of default on September 11, 2023, explaining that "[d]efault should not have been entered." (ECF No. 15).

A motion to vacate entry of default is nondispositive. *See DeLee v. Russo*, No. 17-CV-00448A(F), 2019 WL 3945657, at *1 (W.D.N.Y. Aug. 21, 2019), *report and recommendation adopted*, 2019 WL 5287929 (W.D.N.Y. Oct. 18, 2019). "Following a magistrate judge's issuance of an order

on a nondispositive matter, the parties may serve and file objections to the order within 14 days of being served with a copy of the order." *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing Fed. R. Civ. P. 72(a)). "If a party objects to a magistrate judge's order regarding a nondispositive matter, the district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Id.* (quoting Fed. R. Civ. P. 72(a)). That standard requires the district court "to review findings of fact for clear error and to review matters of law de novo." *Id.*

Here, Mr. Marshall timely filed his objections to Judge Pesto's Order granting Defendants' Motion to Vacate Entry of Default on September 25, 2023. (*See* ECF No. 16-4). Therein, he argues that Judge Pesto's Order "states that the Entry of Default should not have been granted, but fails to state the reason why, nor encourages confidence that the issues were properly investigated." (ECF No. 16 at 1). Mr. Marshall contends that if Defendants are correct in that they had not been properly served, then "one must presume" that the U.S. Marshals service "failed to provide the service required of them, and ... misled both the Plaintiff and the Court by claiming to have completed service[.]" (*Id.* at 1–2).

Mr. Marshall further argues that "a more than reasonable amount of time has lapsed for" the Waivers of Service forms "to be returned[,]" and this "should be looked at as a failure to respond effectively, which in turn caused the U.S. Marshals to serve full process." (*Id.* at 3). In sum, Mr. Marshall contends that "Defendants have been properly served, and the Default should thus stand." (*Id.* at 4).

After reviewing the record in this matter, the Clerk's entry of default, Judge Pesto's Order vacating the entry of default, and Mr. Marshall's objections thereto, the Court concludes that

Judge Pesto's Order is neither clearly erroneous nor contrary to law, and therefore denies Mr. Marshall's objections.

A court may set aside an entry of default for good cause shown. *See* Fed. R. Civ. P. 55(c); Fed. R. Civ. P. 77(c). As relevant here, "[a]n entry of default ... is void and should be vacated if it was entered when proper service of the summons and complaint had not yet been effectuated." *Vargas v. Eckhardt*, No. 18-CV-12803, 2018 WL 4676050, at *4 (D. N.J. Sept. 28, 2018) (citing *United States v. One Toshiba Color Television*, 213 F.3d 147, 156 (3d Cir 2000); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995)).

Service was not properly effectuated prior to the entry of default here. As previously explained, the Marshals mailed "Notice of Lawsuit and Request to Waive Service of a Summons" forms, "Waiver of the Service of Summons" forms, and copies of Mr. Marshall's Complaint to each Defendant. (ECF No. 10). "[W]aiver[s] of service[,]" like those sent to Defendants on Mr. Marshall's behalf, "become[] effective only upon the filing of a signed waiver form." *Hudak v. Apostolate for Family Consecration, Inc.*, No. 22-CV-173, 2022 WL 3716603, at *9 (W.D. Pa. July 18, 2022); *Boley v. Kaymark*, 123 F.3d 756, 757 n.3 (3d Cir. 1997).

As the docket reflects, no Defendant filed an executed waiver form. And "if the waiver is not returned and filed, service has not been accomplished." 4A Wright & Miller § 1092.1. Instead, where (as here) a defendant "do[es] nothing" in response to a request for waiver of service, "the plaintiff"—or, in this case the Marshals on the plaintiff's behalf—"must resort to personal service." *Umbenhauer v. Woog*, 969 F.2d 25, 29 (3d Cir. 1992); *see also* (ECF No. 3) ("After screening of the complaint pursuant to the Prison Litigation Reform Act I will order the Marshal to serve

the complaint on defendant at the direction of the plaintiff[.]"). Nothing on the docket indicates that any further attempts at service have been made.

Because service was not properly effectuated at the time default was entered, the Clerk's entry of default was void, and Judge Pesto correctly granted Defendants' Motion to Vacate Entry of Default. *See Bell v. Dehorta*, No. 20-CV-46, 2022 WL 17038180, at *3 (W.D. Pa. Nov. 17, 2022) (finding that the plaintiffs "failed to properly serve the moving [d]efendants" and vacating entry of default where the plaintiffs mailed "waiver of service forms" to the defendants, but the defendants did not file signed waiver forms and no further attempts at service were made); *Stranahan Gear Co. v. NL Indus., Inc.*, 800 F.2d 53, 56–57 (3d Cir. 1986).[2]

Based on the foregoing, the following Order is entered:

**AND NOW**, to wit, this ___24th___ day of June, 2024, upon consideration of Plaintiff Daraya Marshall's "Objection to Magistrate Judge's Order to Vacate Default Seeking Reconsideration by District Court Judge[,]" (ECF No. 16), it is **HEREBY ORDERED** that Plaintiff's objections are **DENIED**.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

---

[2] Finally, the Court notes that Judge Pesto filed a Report and Recommendation on March 13, 2024, "recommend[ing] that [Mr. Marshall's] complaint be dismissed in part with prejudice and in part without prejudice for failure to make timely service." (ECF No. 20). The Court clarifies that its Memorandum Order today addresses only Mr. Marshall's objections, (ECF No. 16), to Judge Pesto's Order granting Defendants' Motion to Vacate Entry of Default, (ECF No. 15). Mr. Marshall filed objections to Judge Pesto's Report and Recommendation on May 13, 2024. (ECF No. 26). The Court will address Judge Pesto's Report and Recommendation, and Mr. Marshall's objections thereto, by way of a separate opinion.

**Notice by U.S. Mail to:**
Daraya Marshall
12179-007
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630