IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARAYA MARSHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 3:22-cv-00227-MRH-KAP |
| v. | ) |
| | ) |
| GEO RIVERS CORRECTIONAL | ) |
| INSTITUTION, et al., | ) |
| | ) |
| Defendants. | |

**MEMORANDUM ORDER REGARDING REPORT AND RECOMMENDATION
(ECF NO. 20) AND SCREENING OF SUBMITTED COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915, 1915A**

Plaintiff Daraya Marshall brings this suit against institutional and individual defendants, challenging his treatment at two prisons in which he has been housed: GEO Rivers Correctional Institution (a private facility in Hertford County, North Carolina) and FCI Loretto (a Bureau of Prisons ("BOP") facility in Cambria County, Pennsylvania).

The Magistrate Judge screened the Complaint pursuant to the Court's obligation to screen complaints filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), and by prisoners against government officials, 28 U.S.C. § 1915A(b). On March 13, 2024, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Complaint be dismissed with prejudice in part and dismissed without prejudice in part. After filing a motion to extend the deadline for submitting objections to the R&R, which the Magistrate Judge denied, and a motion to reconsider the denial of an extension (also denied), Marshall submitted his objections to the Magistrate Judge's R&R on May 13, 2024. These Objections were filed out of time.

Nonetheless, the Court has engaged in careful review of the papers of record, the R&R, Marshall's Objections, and the relevant law, including a *de novo* review of the matters to which

the Objections were directed. Based on such review, the Court agrees that Marshall's Complaint should be dismissed with prejudice in part and dismissed without prejudice in part, though for different reasons than those given in the R&R, and in different parts. Therefore, this Memorandum Order, rather than the R&R, constitutes the Opinion of the Court.

**I.      Background**

Marshall initiated the instant action on December 5, 2022 by filing a Motion for Leave to Proceed *in Forma Pauperis*. (ECF No. 1). The Magistrate Judge granted the Motion and docketed the Complaint on January 27, 2023. (ECF No. 3). In his Order granting Marshall leave to proceed *in forma pauperis*, the Magistrate Judge indicated that he had not yet screened the Complaint pursuant to 28 U.S.C. § 1915 and stated that he would order the U.S. Marshals Service ("USMS") to perfect service if Marshall's Complaint survived the initial screening process. (ECF No. 3). Unfortunately, the conditional tense of the Magistrate Judge's Order was somehow lost along the way. After it received Forms USM-285 from Marshall, USMS sent a Notice of Lawsuit and Request to Waive Service of Summons to the Defendants. (ECF No. 10).

Presumably seeing the notice of USMS's mailing and erroneously assuming that this meant that service had been perfected, Marshall requested that the Clerk enter default against all the Defendants. (ECF No. 12). The Clerk then mistakenly granted Marshall's request and entered a default on August 25, 2023. (ECF No. 13). Two weeks later, the Federal Defendants[1] filed a

---

[1] The "Federal Defendants" are Edwin Espinoza; Administrative Remedy Coordinator, DC; Acting Warden Shawn Bartlett; Associate Warden Joshua Brawley; Administrative Remedy Coordinator, FCI Loretto; Administrative Remedy Coordinator, Northeast Region; Northeast Regional Counsel Darrin Howard; Administrative Remedy Coordinator, Privatization Management Branch; Case Manager Dane Watt; and Warden Vicky Moser. The "GEO Defendants" are the remainder (i.e., GEO Rivers Correctional Institution, Administrator Brick Tripp, Mr. Hinton, Ms. Spruill, Ms. Lassiter, Mr. Joyner, Mrs. Burkett, RHU Supervisor Lt. Hudson, R&D Officer Mr. Smallwood,

Motion to Vacate Entry of Default noting that none of them had been properly served. (ECF No. 14). The Federal Defendants also requested that the Court screen the Complaint pursuant to 28 U.S.C. § 1915A prior to ordering USMS to attempt service. The Magistrate Judge vacated the entry of default that same day. (ECF No. 15).

The Magistrate Judge then screened the Complaint and submitted an R&R on March 13, 2024. (ECF No. 20). The Magistrate Judge recommended that the Complaint be dismissed with prejudice in part and dismissed without prejudice in part for failure to make timely service. After submitting a motion to extend the deadline for submitting objections, which the Magistrate Judge denied, Marshall submitted his Objections to the R&R on May 13, 2024. The R&R is ripe for disposition.

## II.    Legal Standards

Pursuant to sections 1915 and 1915A of Title 28 of the United States Code, the Court must screen Marshall's Complaint to determine whether it (1) is frivolous, malicious, or fails to state a claim, or (2) seeks monetary relief from a defendant who is immune. 28 U.S.C. §§ 1915(e)(2), 1915A(b). When determining whether a complaint states a claim for the purposes of these sections, courts apply the same standard that is used to assess a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Jackson v. Sec'y Pa. Dep't of Corr.*, 598 F. App'x 815, 816 (3d Cir. 2015) (not precedential). Applying this standard, the Court must determine whether the Complaint contains "sufficient factual matter," which, if accepted as true, would support a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

---

R&D Officer Mr. Hunter, Unknown Female Case Management Coordinator, Unknown Female Administrative Secretary, Officer Langford; GEO Eastern Region Staff; RHU Sgt. Hannon).

3

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Because deficiencies of venue and personal jurisdiction may be waived by the defendant, courts should not ordinarily dismiss complaints for venue deficiencies when screening a complaint pursuant to Section 1915. *See, e.g., Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (holding district court abused its discretion by denying motion to proceed *in forma pauperis* based on venue defect); *Fiorani v. Chrysler Grp.*, 510 F. App'x 109, 111 (3d Cir. 2013) (not precedential) ("District courts generally should not dismiss *in forma pauperis* complaints for improper venue.").

Because Marshall is proceeding *pro se*, the Court must construe his Complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This said, though mindful of its obligations and the difficulties of prosecuting a lawsuit without the guidance of an attorney, it is not the Court's role to act as Marshall's advocate. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

If the Court determines that the Complaint, as pled, fails to state a claim upon which relief may be granted, the Court must permit the plaintiff to amend the complaint unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002); *Credico v. CEO Idaho Nat. Lab'y*, 461 F. App'x 78, 79 (3d Cir. 2012) (not precedential).

### III.  Discussion

With these legal standards, the Court will now screen the Complaint pursuant to sections 1915 and 1915A of Title 28 of the United States Code. For the sake of simplicity, the Court will evaluate the claims against the GEO Defendants and the Federal Defendants separately.

#### A.  The GEO Defendants

As relevant to the GEO Defendants, Marshall alleges that he was placed in the Restricted Housing Unit from August 26, 2020 until February 16, 2021, when he was transferred to FCI

Loretto. Marshall alleges that for all or some of this time: he was denied access to his CPAP machine and an operative shower; he was denied eyeglasses; he was not permitted to purchase items from the commissary; his phone time was restricted; he was denied adequate clothing which led to a bacterial infection; he was denied access to shower shoes and hygiene products; and he was denied access to address books, phone numbers, and other materials that would have helped him cope with prison. Marshall also alleges that GEO Rivers has an inadequate grievance process, that he was retaliated against for filing a grievance, and that his property was seized, which prevented him from prosecuting a civil suit in Virginia state court, from filing § 2255 motion, § 3582 motion, from filing complaints with the District Attorney's "Integrity Board" and the Office of Professional Responsibility, and from petitioning Congress.

Though Marshall does not map these factual allegations onto his specific legal claims, liberally construing the Complaint, it appears that Marshall alleges this treatment violates the First, Fifth, Eighth and Fourteenth Amendments. For relief, Marshall requests: "a motion for compassionate release / reduction in sentence from the Bureau of Prisons," "supporting letters and/or petitions for the Motion from all those liable," and $25,000 in compensatory damages related to his state-court tort claim. (ECF No. 4 at 2-3). In the event that the Defendants do not agree to this remedy, Marshall seeks damages—compensatory, nominal, and punitive—as well as declaratory or injunctive relief. (ECF No. 4 at 3).

The Complaint fails to state a claim upon which relief may be granted for multiple reasons. To the extent he seeks it, Marshall cannot receive any prospective relief against the GEO Defendants because he is no longer in their custody and, given that the BOP no longer contracts with GEO, it is unlikely that Marshall will be housed there again. *See City of Los Angeles v. Lyons*,

5

461 U.S. 95, 102-03 (1983); *see also Abdul-Akbar v. Watson*, 4 F.3d 195, 197 (3d Cir. 1993) (holding that transfer out of facility moots claim for injunctive relief).

As for retrospective relief (e.g., money damages), there is no *Bivens* cause of action against the GEO Defendants because they are either a government contractor (in the case of the institutional defendants) or an employee of a government contractor. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001); *Minneci v. Pollard*, 565 U.S. 118, 120 (2012).

Marshall's First Amendment claims fail for the additional reason that there is no *Bivens* cause of action for First Amendment retaliation or access to court claims. *See Egbert v. Boule*, 596 U.S. 482, 498-502 (2022); *Mack v. Yost*, 968 F.3d 311, 314 (3d Cir. 2020); *Alsop v. Fed. Bureau of Prisons*, No. 3:17-CV-02307, 2020 WL 13282134, at *9-10 (M.D. Pa. Sept. 30, 2020).

His Fifth Amendment claims arising out of the allegedly defective grievance process fail for the additional reason that there is no substantive right to an adequate grievance process. *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (not precedential) ("Inmates do not have a constitutionally protected right to the prison grievance process."). And his Fourteenth Amendment claim fails for the additional reason that the GEO Defendants are not state actors: Marshall was imprisoned to the GEO Rivers Correctional Institution as part of his federal sentence. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (holding that the Fourteenth Amendment is "directed at the States" and can be violated by only "state action").

The deficiencies of Marshall's Complaint in these regards cannot be cured through additional pleading. Accordingly, the Court concludes that amendment would be futile, so the above-referenced claims—to the extent that they are even asserted—are dismissed with prejudice and without leave to amend.

This said, construing the Complaint liberally, Marshall's factual allegations regarding the denial of his CPAP machine, the denial of a shower, the provision of inadequate clothing, and the seizure of property may provide the basis for a state-law tort claim. *See Multiple Claimants v. N. Carolina Dep't of Health & Hum. Servs.*, 626 S.E.2d 666, 668 (N.C. Ct. App. 2006) ("For 100 years, North Carolina's courts have recognized that governments owe a private duty to inmates to maintain their health and safety."). The Court does not know what the contours of such a claim would entail or whether such a claim would ultimately be successful. And, while it is outside the scope of the screening review that the Court is now conducting, the Court harbors doubts that personal jurisdiction could readily be asserted against the GEO Defendants in this Court. But mindful of the Court's obligation to construe Marshall's Complaint liberally, the Court cannot conclude at this juncture that amendment would necessarily be inequitable or futile. Accordingly, Marshall's claims arising out of the denial of his CPAP machine, the denial of a shower, the provision of inadequate clothing, and the seizure of his property are dismissed without prejudice and with leave to amend.[2]

B.  **The Federal Defendants**

As relevant to the Federal Defendants, Marshall alleges that: he was denied access to his CPAP machine; he was denied adequate preventative materials and treatment for COVID; he was not informed of certain medical conditions; his high blood pressure was not adequately treated; he was forced to wear ill-fitting clothes; he was denied access to rehabilitation programs; he was not allowed to run a fundraiser for the Girl Scouts; he was not permitted to access email; and he was

---

[2] Repeated failure to cure the deficiencies in a complaint is grounds for dismissal with prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that "repeated failure to cure deficiencies" is a ground for denying leave to amend). The Court does not anticipate granting further leave to amend in the event that Marshall's Amended Complaint fails state a claim. Put simply, the Court is giving Marshall one more shot, and this is it.

not given adequate phone time. He also alleges that his administrative grievances were processed too slowly, that they were improperly rejected, and that a claim of his was improperly rejected by the Department of Justice's Tort Claims division. Some of these alleged denials or deprivations appear ongoing.

Marshall does not connect his factual allegations with his legal claims, but he generally claims that his treatment at FCI Loretto violates the First, Fifth, Eighth and Fourteenth Amendments. For relief, Marshall requests: "a motion for compassionate release / reduction in sentence from the Bureau of Prisons," "supporting letters and/or petitions for the Motion from all those liable," and $25,000 in compensatory damages related to his state-court tort claim. In the event that the Defendants do not agree to this remedy, Marshall seeks damages—compensatory, nominal, and punitive—as well as declaratory or injunctive relief.

Any claim that Marshall purports to bring against the Federal Defendants under the Fourteenth Amendment is dismissed with prejudice because the Fourteenth Amendment does not apply to the Federal Government. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). Marshall's other grievances against the Federal Defendants do not—and cannot—make out violations of the First or Fifth Amendments. There is no First or Fifth Amendment right to a prison grievance process, *Burnside*, 138 F. App'x at 416, so the slow processing and denial of Marshall's grievances and tort claim do not amount to a constitutional violation. There is also no constitutional right to access rehabilitative programs, so Marshall's exclusion from these programs does not violate the Fifth Amendment. *Moody v. Daggett*, 429 U.S. 78, 97 n.9 (1976); *cf. Groppi v. Bosco*, 208 F. App'x 113, 115 (3d Cir. 2006) (not precedential) (no constitutional right to participate in drug treatment program). And there is no constitutional right to run a fundraiser to benefit the Girl

Scouts of America. *Cf. Jerry-El v. Beard*, 419 F. App'x 260, 263 (3d Cir. 2011) (not precedential) ("[A] prisoner has no right under the Constitution or federal law to engage in business.").

Finally, denying Marshall access to Trulincs—the prison email system—does not violate Marshall's First or Fifth Amendment rights. *See Carter v. Fed. Bureau of Prisons*, No. CV 22-02801-BAH, 2024 WL 983277, at *4 (D.D.C. Mar. 7, 2024). Though denying him access to this system imposes some limitation on his ability to communicate, this burden is not "atypical and significant . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Moreover, given the nature of Marshall's offense, the prison's policy of "keeping potential email abusers from using its email system is rationally related to its legitimate security interests," and Marshall maintains other means of communicating with the outside world. *Carter*, 2024 WL 983277, at *3.

To the extent that Marshall claims that his inability to access Trulincs impedes his access to the courts, this claim must be rejected as well. First, Marshall does not describe the underlying claim that he was allegedly inhibited from bringing in sufficient detail for the Court to conclude that it is "more than mere hope." *Monroe v. Beard*, 536 F.3d 198, 206 (3d Cir. 2008). And second, especially in light of his ability to prosecute of the present action, Marshall has not plausibly pleaded that his inability to access Trulincs has prevented—or continues to prevent—him from bringing this non-frivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996). The deficiencies of Marshall's Complaint in these regards cannot be cured through additional pleading. Accordingly, the Court concludes that amendment would be futile, so all of these claims—to the extent that they are even asserted—are dismissed with prejudice and without leave to amend.[3]

---

[3] To the extent that Marshall seeks retrospective relief for his First Amendment claims, these claims would also be barred because there is no *Bivens* cause of action for First Amendment access to courts claims. *See Egbert*, 596 U.S. at 498-502; *Alsop*, 2020 WL 13282134, at *9-10.

Marshall's claims arising out of the allegedly deficient medical care at FCI Loretto warrant different treatment. Marshall alleges that he was—and continues to be—denied access to a CPAP machine, that prevention and treatment of COVID are inadequate, that he received inadequate treatment for his blood pressure, and that he was not informed of a few other medical conditions. Though he does not link these factual allegations to a legal claim, construing the Complaint liberally, it appears that Marshall asserts an Eighth Amendment violation. The Eighth Amendment prohibits "cruel and unusual punishment[.]" U.S. Const. amend. XIII. Inadequate prison medical care violates the Eighth Amendment if prison officials demonstrate "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

For Marshall, this means that in order to state an Eighth Amendment claim based on allegedly substandard medical care, Marshall must plead sufficient facts to support an inference that (1) his medical needs are serious (i.e., they have "been diagnosed by a physician as requiring treatment or . . . [are] so obvious that a lay person would easily recognize the necessity for a doctor's attention," *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)), and (2) that prison officials are deliberately indifferent (i.e., that prison officials "know[] of and disregard[]" the excessive risk that this inadequate treatment poses to Marshall's health, *Farmer*, 511 U.S. at 837).

As currently pled, Marshall's Complaint comes up short. He does not provide sufficient allegations about the seriousness of his medical needs or the risk posed by deficient treatment. Moreover, the Complaint does not contain any factual allegations suggesting that prison officials were deliberately indifferent to these needs.

At the same time, the Court cannot conclude that Marshall will necessarily be unable to supplement the Complaint with additional factual allegations about the seriousness of his medical

10

needs and the Federal Defendant's allegedly culpable state of mind. As with Marshall's state-law tort claims, the Court does not know whether Marshall's Eighth Amendment claims will ultimately be successful or even be successfully pled. But at this juncture, based only on the pleadings, the Court cannot conclude that amendment would be futile. Accordingly, Marshall's Eighth Amendment claims seeking prospective and retrospective relief and arising out of his treatment at FCI Loretto are dismissed without prejudice and with leave to amend.

## IV.     Conclusion

For the reasons discussed above, the Complaint is hereby DISMISSED WITHOUT PREJUDICE IN PART and DISMISSED WITH PREJUDICE IN PART. It is hereby ORDERED that:

- The Complaint is DISMISSED WITHOUT PREJUDICE as to claims relating to the denial of his CPAP machine, the denial of a shower, the provision of inadequate clothing, and the seizure of property at GEO Rivers Correctional Institution;

- The Complaint is DISMISSED WITHOUT PREJUDICE as to claims arising out of the medical care he received and continues to receive at FCI Loretto;

- The Complaint is DISMISSED WITH PREJUDICE as to all other claims.

It is further ORDERED that, with respect to the claims that were dismissed without prejudice, Marshall is granted leave to amend. Marshall may submit an Amended Complaint within forty-five (45) days of the date of this Order.[4]

This action is returned to the Magistrate Judge for further proceedings.

---

[4] In the event that Marshall submits an Amended Complaint, the Court will screen such Amended Complaint pursuant to 28 U.S.C. §§ 1915, 1915A. If the Amended Complaint survives this screening, the Court will order Marshall to provide updated and accurate information with which the USMS can perfect service on the Defendants.

 s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated: April 4, 2025